## MILLARD vs. MERWIN and others.

A contracted with B to convey to him a lot of land, and to assure the title in fee simple, free from all encumbrances, with general warranty and the usual full covenants; and further, that he would assist B in defending a suit at that time pending on a lien claim, B agreeing to pay all the expenses of defending that suit. That suit was discontinued. In another suit arising out of this claim, judgment was given therefor, through the failure of A to defend the suit, and the judgment declared a lien upon the premises. *Held*, that B was entitled to a conveyance free from the lien of the judgment, and that A must pay the lien, or allow the amount to be deducted from the contract price still due.

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Linn*, for complainant.

*Mr. Scofield* and *Mr. J. S. De Hart*, for defendants.

THE CHANCELLOR.

The defendants, Merwin and wife, made a written contract with the complainant, on the 16th of February, 1869, to convey to him a tract of land in Bergen City, belonging to Mrs. Merwin, for $6000, of which $600 was paid at the contract, $2400 was to be paid, and was paid, in thirty days, and the remaining $3000 was to be paid in sixty days, upon delivery of the deed.

The suit is to compel a specific performance of that contract. The defendants say they are willing and ready to perform it according to its true meaning and intent, and the only question is as to its true construction as to a building lien existing or claimed to exist on the tract. The complainant contends that the defendants are bound to convey, free from that lien, and with full covenants of title, and against all encumbrances. The defendants, on the other hand, contend that the true construction of the article is, that the complainant is to assume that lien if it exists, and to take his title subject to it.

The written contract provides that the deed shall convey and assure the title in fee simple, free from all encumbrances, and shall contain a general warranty and the usual full covenants; and it nowhere expressly provides for any exception as to the lien claim. The defendants claim such exception arises by implication from the other provisions, and the circumstances of that claim then existing, and the verbal understanding of the parties regarding it.

Wortendyke and Baptis, two other defendants, had, by agreement with Merwin, without the consent of his wife in writing, erected a building on this tract belonging to her, and had filed a lien claim against him as builder, and Mrs. Merwin as owner, in which the last item charged was on May 6th, 1868. On this a summons was issued October 16th, 1868, and the suit discontinued June 18th, 1869.

The contract with complainant provided that Merwin and wife were to assist him in defending the suit at that time pending on this lien claim; he, in consideration thereof, agreed to pay all the expenses of defending that suit, which had accrued or might accrue. Merwin and wife also agreed to assign to him the contract with Wortendyke and Baptis, and all benefits thereunder, when the deed should be delivered. Wortendyke and Baptis claimed that about $1800 was due to them on the contract, and Merwin claimed that about that amount was due from them to him, under a provision in the contract that he should be allowed $10 for every day that the building was not completed, after the time fixed in the contract.

The provisions in this contract of sale cannot, in my opinion, be construed to imply an agreement that the warranty against encumbrance should not include that lien claim, or that the complainant should take title subject to the risk of that claim. Nor do the circumstances attending the contract give any aid to that construction. It is clear that a building erected by Merwin on the land of his wife, without her written consent, would not at that time, or prior to the act of March 17th, 1870, create a lien in favor of the

mechanics. Both parties had taken advice, and knew this to be the law. Merwin so stated to Millard, but he wanted to be clear of the trouble and expense of the litigation. Millard agreed to bear the expense, but required that Merwin should aid in other respects. This sufficiently accounts for both these provisions in the written agreement; and these circumstances do not aid in making them seem inconsistent with the provisions requiring the title to be free from encumbrance. There was no encumbrance, only a lawsuit.

Nor would the parol agreement set up in the testimony of Merwin, that Millard expressly agreed to take subject to this lien claim, have any effect to change the contract, even if clearly proved. It contravenes the express stipulation of the contract, and no parol agreement can be received for that purpose. Besides, this parol agreement is expressly denied by Millard, and no one but Merwin testifies to it. Were it admissible, it is not sufficiently proved.

Wortendyke and Baptis became bankrupts, and their assignee, the defendant Kimball, filed a petition in the District Court of the United States for this state, to have that lien claim established as a valid lien on this property, and also for judgment against Merwin and wife and Millard for the amount. Upon this petition, an order for Millard and Merwin and his wife to appear on the 2d day of May, 1871, was made and duly served upon them. And the court having assessed the amount due from Merwin at $1832.56, and the amount due to him for penalties at $375, gave judgment against Merwin and wife and Millard for $1457.56, with interest from March 1st, 1868, and declared it to be a lien upon the premises.

At the date of this petition no lien existed against these premises for this claim. The fact that there was no written consent of Mrs. Merwin, would prevent and defeat it. But besides this, the act by virtue of which alone this lien exists, declares that the lien should not be enforced except in a suit upon a summons issued within one year after the date of the last item in the claim filed, and that the want of such sum-

mons should discharge the lien. The District Court would not have given the judgment that was entered if defence had been made. No defence seems by the record to have been made. And the judgment of that court created a lien; while it stands, the lien exists.

Millard was not the owner of the property, and was not bound to defend it; against that judgment Merwin and wife ought to have defended it, if they desired to protect the property from a claim against which Merwin personally had no defence. Nothing in the contract, even by implication, bound Millard to defend this suit; the contract only regarded the lien suit then pending.

There were several attachment suits pending against this property, which caused delay and perhaps excused both sides from performing the contract at the particular times required by it. But in February, 1870, after these obstacles were removed, new negotiations were entered into, and the complainant tendered the money and demanded a deed. Merwin had a deed prepared and executed with full covenants, which was satisfactory to and would have been accepted by the complainant. But he, after some parley, declined to deliver it, still claiming that the complainant should assume this lien. There was no alternative for the complainant but to abandon his contract or to bring this suit for its performance.

The complainant is entitled to a decree for the specific performance of this contract. The defendants Merwin and wife must pay and discharge the lien created by the judgment of the District Court, or allow the amount to be deducted from the amount of the contract price still due, and execute a deed with full covenants as provided in the contract, to the complainant.